**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MILLENNIUM GROUP I, L.L.C.** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |
| **JEFFERSON PARISH,** | * | |
| **THE DEPARTMENT OF INSPECTION** | * | |
| **AND CODE ENFORCEMENT OF** | * | |
| **JEFFERSON PARISH** | * | |
| **and** | * | |
| **LEROY DANOS MAINTENANCE, INC.** | * | |

**<u>COMPLAINT FOR DAMAGES AND RELIEF</u>**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Millennium Group I, L.L.C., who respectfully represents as follows:

**JURISDICTION**

1.

This Court has subject matter jurisdiction over this matter pursuant to Title 28 U.S.C. §1343(a)(3) because this action arises under the Fourteenth Amendment to the Constitution of the United States of America and Title 42 U.S.C. §1983. This Court has jurisdiction of all state law claims contained herein pursuant to 28 U.S.C. §1367.

**VENUE**

2.

Venue in this Court exists pursuant to 28 U.S.C. §1391(b) because the Defendants reside within this judicial district and a substantial part of the events or omissions giving rise to this claim occurred within this juridical district. Alternatively, venue is proper pursuant to 28 U.S.C. §1395(a).

**PARTIES**

3.

Plaintiff in this action is Millennium Group I, L.L.C. (sometimes hereinafter "Millennium"), a Louisiana business organization domiciled in Jefferson Parish, State of Louisiana, which has immovable property located in the Parish of Jefferson, State of Louisiana.

4.

Made defendants herein are:

A. The Parish of Jefferson (sometimes hereafter "The Parish"), a political subdivision of the State of Louisiana;

B. The Department of Inspection and Code Enforcement of Jefferson Parish, Louisiana, (sometimes hereafter "Code Enforcement"), a subdivision of the Parish of Jefferson Parish, Louisiana; and,

C. Leroy Danos Maintenance Services, Inc., (sometimes hereafter "Danos"), a Louisiana corporation authorized to do and doing business in Jefferson Parish, Louisiana.

**FACTS**

5.

Millennium is the owner of immovable property described as Parcel 1 X 2A of Tract F

(hereinafter "The Lots") located in the Bissonet Plaza Subdivision in the 6400 Block of Riverside Drive in Metairie, Jefferson Parish, Louisiana.

6.

On the non-exclusive following dates, the Parish of Jefferson, through its Department of Inspection and Code Enforcement issued Notices of Violation and/or Invoices to Millennium alleging therein that Millennium failed to cut the grass on its property or otherwise keep the property in a neat and orderly state as required by Jefferson Parish Ordinances Section 19-5 and 29-143:

| DATE | INVOICE | COMPLAINT NO. | | AMOUNT |
|---|---|---|---|---|
| 12/13/06 | 18502 | 06-909150 | $ | 7,433.58 |
| 07/02/07 | 18706 | 07-917298 | | 6,333.60 |
| 05/24/08 | 19368 | 08-913977 | | 2,246.69 |
| 08/01/08 | 19879 | 08-929840 | | 3,144.77 |
| 02/01/09 | 21554 | 09-917100 | | 3,166.75 |
| 04/07/09 | 20974 | 09-904459 | | 1,680.75 |
| 08/17/09 | 21897 | 09-920469 | | 1,762.75 |
| 09/30/09 | 22363 | 09-923547 | | 2,442.75 |
| 04/26/10 | 23106 | 10-901883 | | 5,198.00 |
| 06/06/10 | 23544 | 10-916332 | | 5,198.00 |
| 03/17/11 | 24792 | 11-902324 | | 14,143.60 |
| 02/01/13 | 28651 | 12-902390 | | 472.30 |

These invoices include a 100% fine plus a $50.00 administrative fee. (See Notices of Violation, attached hereto, *en globo*, as Exhibit "A").

7.

On all the above dates, as well as other dates, The Parish ordered its contractor to cut/clean the property at issue.

8.

"Work" was performed by Danos that charged exorbitant rates not in proportion to the work performed. (See Exhibit "A").

9.

Further, The Parish charged a 100% premium in addition to the alleged actual cost of the cutting of the grass and/or weed removal. (See Jefferson Parish Ordinance Section 19-21(b)).

10.

The cutting of the grass herein ordered by the Parish was unnecessary because Millennium had retained a contractor at all relevant times hereto to cut the grass and to keep the property free of debris and refuse.

11.

At all times relevant hereto, the Parish had no justifiable cause under the law to order the cutting of the grass on Millennium's property because, at all times relevant hereto, said property was in compliance with the relevant Parish Ordinances.

12.

Despite having no justifiable cause to cut the grass, the Parish ordered its contractor, Danos, to cut the grass even though, at all times relevant hereto, said property was in compliance with the relevant Parish Ordinances.

13.

After the "work" was performed by Danos upon Petitioner's property, the Parish would send an invoice to Petitioner with not only the cost of the "service," but a 100% markup.

14.

After creating an invoice for the work, the Parish thereafter filed liens against the property.

15.

In total, The Parish has levied nearly $ 53,000.00 in grass liens which Petitioner was required to pay or lose the property to a tax sale.

16.

At all times pertinent hereto, Leroy Danos Maintenance Services, Inc. was acting under the color of authority granted by defendants, Jefferson Parish and The Department of Inspection and Code Enforcement of Jefferson Parish.

17.

Alternatively, the above described actions of Leroy Danos Maintenance Services, Inc. were performed independent of the authority and color of law provided by Jefferson Parish and the Department of Inspection and Code Enforcement of Jefferson Parish, and Leroy Danos Maintenance Services, Inc. trespassed on Plaintiff's property.

**CAUSE OF ACTION-PROCEDURAL DUE PROCESS**

18.

The notices of violation of Section 19-18 by Jefferson Parish and/or the Department of Code Enforcement for the years 2007-present were insufficient because there was not any reasonable way to know whether any notice ever reached its addressee. Greater measures were required to be taken

by Jefferson Parish and the Department of Inspection and Code Enforcement of Jefferson Parish to ensure Plaintiff had notice before it was penalized and subject to a taking of property.

19.

The Parish's asserted ability and authority to inspect property and enforce codes is alleged to be derived pursuant to Louisiana Revised Statute 13:2575 which gives Parishes and Municipalities the power to "prescribe civil fines for violation of public health, housing, fire code, environmental, and historic district ordinances in the municipality or parish by owners of immovable property, their agents, tenants, or representatives pursuant to the procedures for administrative adjudication provided in this Chapter."

20.

The Parish's ordinance violated this statute by not providing for a hearing for persons charged with a violation. Violations can only be enforced pursuant to the administrative adjudication procedure provided in the Revised Statute, which states that: "The ordinance or ordinances shall provide for a time period for persons charged with violating public health, housing, fire code, environmental, and historic district ordinances to have a hearing under the provisions of this Chapter."

21.

The provision in Section 19-21(b) allowing Jefferson Parish and/or the Department of Code Enforcement to abate the violation if the owner of the property does not rectify the alleged violation within five days of the date of notification is a violation of the state statute and United States Constitution.

22.

The liens that were recorded against The Lots in 2007-2012 are in violation of the procedure prescribed by the La. Revised Statute 13:2575 which provides that a hearing officer(s) be appointed to hear cases of public health, housing and environment violations.

23.

The Parish's notice and subsequent enforcement for a violation of the applicable ordinance as well as the lien imposed were in violation of the Plaintiff's Fourteenth Amendment rights of procedural due process.

24.

Accordingly, pursuant to Title 42 U.S.C.A., §1983, the Plaintiff is entitled to recover compensatory damages from the defendant.

25.

The Plaintiff further submits that the Defendants should be ordered to pay all of the Plaintiff's attorney's fees and costs in this matter.

**CAUSE OF ACTION-SUBSTANTIVE DUE PROCESS**

26.

The above described abatement order that was issued was enforced by Defendants relative to the alleged overgrowth of vegetation on The Lots owned by Plaintiff was pursuant to Section 19-21(b) of Article III, Chapter 19 of the Jefferson Parish Code of Ordinances.

27.

In clear violation of Fourteenth Amendment due process rights, Section 19-21(b) of Article III, Chapter 19 of the Jefferson Parish Code of Ordinances pertinently provides "...if violation consists

of weeds, grass or other vegetation on property and is not abated within five (5) days of date on notification (which may be via U.S. First Class Mail or posting of the property), with said notice only being required to be sent to the property owner once every calendar year, the parish, through the department of inspection and code enforcement, is hereby authorized to cut, destroy and remove all such grass, weeds and other deleterious or unhealthy growths of vegetation on a monthly basis, and the property owner, as shown on the latest property assessment rolls and/or conveyance records, shall be assessed a charge for the cutting, destruction and removal. If the costs to the parish for the cutting, destruction and/or removal exceed the amount of one hundred ($100.00), the owner of the property shall be assessed the actual cost, plus a surcharge equal to one hundred (100%) percent of the costs to cover inspection and administrative costs."

28.

The notification standard of the Jefferson Parish's ordinance Section 19-21(b) does not meet the Constitutional standards for notification, and the ordinance is a violation of due process.

29.

The penalties imposed by Jefferson Parish's ordinance Section 19-21(b) are excessive and constitute an unreasonable taking.

30.

Upon information and belief, the liens imposed by being on the "cut list" are an ongoing violation of substantive due process. The procedure of notification and the imposition of the penalties leading up to the issuing of these liens were identical to the procedure used to impose the 2008-2013 liens in violation of due process.

## CAUSE OF ACTION - TRESPASS AND CONVERSION

31.

On the above referenced dates, Defendant, Danos, entered onto The Lots without the consent of the property owner, Millennium, and Danos mowed the grass, cut down and removed trees and vegetation from the property.

32.

Danos' entering onto The Lots without the permission of Millennium constituted a trespass.

33.

When Danos cut down and removed the trees and vegetation from the property without the permission of Millennium, it committed an act of conversion.

34.

Alternatively, Jefferson Parish and the Department of Code Enforcement of Jefferson Parish is vicariously liable for the actions of Danos, who was acting for the Parish when under the color of law and authority, Danos went onto The Lots and conducted an illegal search and illegal seizure of timber.

## CAUSE OF ACTION - CUTTING TREES WITHOUT CONSENT

35.

Danos cut down trees on The Lots without Plaintiff's consent in violation of Louisiana Revised Statute 3:4278.1(A), which states: "It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in

accordance with specific terms of a legal contract or agreement."

36.

Danos willfully and intentionally cut down the trees on Plaintiff's property and, as such, is liable to Plaintiff for civil damages in the amount of three times the fair market value of the trees that were cut down plus reasonable attorney's fees pursuant to La. R.S. Section 3:4278.1(B).

37.

Alternately, Jefferson Parish and Department of Inspection and Code Enforcement of Jefferson Parish is vicariously liable for the actions of Danos, who was acting for Jefferson Parish and/or the Department of Code Enforcement when under the color of law and authority, Danos went onto The Lots without Plaintiff's consent and cut down trees.

**CAUSE OF ACTION - UNFAIR TRADE PRACTICES**

38.

The Parish and Danos engaged in practices which were fraudulent, unethical, and unscrupulous and acted in concert and are prohibited by the Louisiana Unfair Trade Practices Act, La. R.S. 9:3510 et seq.

39.

Danos charged exorbitant prices to Plaintiff from 2007 to 2012 in the amount of approximately $26,500.00 to cut and clear Plaintiff's property.

40.

Based upon the amount of Danos' invoice, The Parish would double the amount (approximately $26,500.00 to The Parish), and then record the total as a lien against Plaintiff's property.

41.

The more money Danos charged to cut and clear The Lots, the more money The Parish received in fines, thereby aiding and abetting the unjust enrichment of the other.

42.

The provisions of Jefferson Parish Ordinance Section 19-21(b) violate public policy and is oppressive and a burden to Millennium and the citizens of Jefferson Parish who have been subject to The Parish's implementation of the illegal ordinance.

**REQUEST FOR INJUNCTIVE RELIEF**

43.

Millennium asserts the amounts charged for the "work" performed by Danos were excessive, unnecessary, and unjust. Further, the surcharge is unconscionable, against public policy and acts as an illegal tax levied against Millennium's property.

44.

Millennium fears that its property will be seized and sold by the Sheriff and Ex Officio Tax Collector prior to the resolution of this litigation in order to pay these "other charges" on the tax bill.

45.

The seizure of Millennium's property would be unjust and illegal because the underlying ordinance upon which the seizure would be based is illegal and unconstitutional.

46.

Further, Millennium's property cannot be seized and sold at a tax sale because the charges sued upon herein and which are subject of this suit are not "taxes" as that term is defined by the relevant provisions of Louisiana law.

47.

The seizure and sale of Millennium's property would also constitute a taking of property in contravention to the provisions of the United States and Louisiana State Constitutions. Considering the facts involved herein, there is no rational basis for the Ordinance to require that the amount allegedly due for grass cutting services, which were not necessary in the first place, be paid.

48.

The ordinance provides for a hearing if requested within ten (10) days of the date of the notice, but the notices were never received until after the 10 day period elapsed. Therefore, it was an impossibility for Petitioner to request a hearing. This deprives Millennium of substantive and procedural due process of law in violation of the Fourteenth Amendment of the United States Constitution.

49.

Further, the Ordinances are unduly vague in that they do not properly put a person or business or notice of what conduct is illegal and/or disallowed.

50.

Because defendants are in violation of various laws, including but not limited to, illegal trespass, cutting of timber, and procedural and substantive due process rights Plaintiff is not required to show irreparable injury to obtain injunctive relief.

51.

Enforcement of the Ordinances (including the seizure and sale of the property) also severely damages, if not destroys, petitioner's corporate good will and reputation among its peers and in the community because it would, and has, created a stigma of Millennium as not being a good corporate

citizen, which it has always been. Such loss of business reputation and/or goodwill is not compensable in mere monetary damages.

52.

The seizure of the property and sale of same by the Sheriff would constitute an impermissible interference with its property rights. Further, once the property was sold, it would not be able to redeem the property.

53.

Such loss is not compensable by mere monetary damages because once the property is seized and sold, it cannot be recovered. At the very least, it is impossible to adequately measure the damages Millennium would suffer if it were to lose the property which it now holds.

54.

Millennium also fears that if the Parish of Jefferson is allowed to enforce the Ordinances and seize and sell its property, it will be permanently and irreparably harmed in such a way as cannot be compensated in monetary damages.

55.

Millennium seeks a Preliminary Injunction prohibiting the Parish from enforcing the Ordinances pending the outcome of this action.

56.

For the allegations contained herein, Plaintiff, Millennium Group, I, L.L.C., asserts that the following relief is due:

a. Return of all funds that were remitted as payment for the liens imposed on the property on Plaintiff's property;

b. Cancellation of any outstanding liens on The Lots;

c. Treble damages for the trees and vegetation that were cut down on Plaintiff's property;

d. Attorney fees and costs expended in fighting the illegal charges on its property; and

e. Injunctive relief against the Parish of Jefferson, the Department of Inspection and Code Enforcement of Jefferson Parish, Leroy Danos Maintenance Services, Inc., and/or any other contractor The Parish may employ to cut and clear The Lots.

**WHEREFORE**, Petitioner, Millennium Group I, L.L.C., prays:

A. That the Defendants, the Parish of Jefferson, the Department of Inspection and Code Enforcement of Jefferson Parish, and Leroy Danos Maintenance Services, Inc. be duly summoned and served with a copy of this Complaint and be required to appear and answer same within the time provided by law;

B. That after all due proceedings have been had, that there be a judgment rendered in favor of the Plaintiff and against the Defendants for general and specific damages together with interest thereon from date of judicial demand until paid in full;

C. For all attorney's fees and costs;

D. Return of all amounts remitted as payment for the liens imposed on the property on during the relevant time periods;

E. Cancellation of any outstanding liens on The Lots;

F. Treble damages for all trees and vegetation removed from The Lots;

G. Injunctive relief against the Parish of Jefferson, the Department of Inspection and Code Enforcement of Jefferson Parish, Leroy Danos Maintenance Services, Inc.,

and/or any other contractor The Parish may employ to cut and clear The Lots.

H. For such other and further relief, at law and in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted:

*/s/ Connie S. Montgomery*

Connie S. Montgomery, LSBA No. 24848
Montgomery Law Center, LLC
1403 West Esplanade Avenue
Kenner, Louisiana 70065
Telephone: (504) 464-7000
Telecopier: (504) 464-0908

**PLEASE SERVE SUMMONS AND COMPLAINT ON THE FOLLOWING PARTIES**

The Parish of Jefferson
through its agent for service of process
Jefferson Parish President John Young
200 Derbigny Street, Suite 6100
Gretna, LA 70053

The Department of Inspection
and Code Enforcement of Jefferson Parish
through its agent for service of process
Tiffany Scot Wilken, Director
1221 Elmwood Park Boulevard
Jefferson, LA 70123

Leroy Danos Maintenance Services, Inc.
through its Registered Agent
Jacob P. Danos
102 Bayou Lafourche Drive
Thibodaux, LA 70301