UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MILLENNIUM GROUP I, LLC                               CIVIL ACTION

VERSUS                                                NO. 13-499

JEFFERSON PARISH                                      SECTION "F"

ORDER & REASONS

Before the Court is defendant's motion to dismiss under Rule 12(b)(6), or for summary judgment under Rule 56.  For the reasons that follow, the motion is GRANTED.

Background

This case involves plaintiff's federal constitutional challenges to Section 19-21(b) of the Jefferson Parish Code of Ordinances, which authorizes the Parish to remove overgrown vegetation on private property and then bill the owner the actual cost plus a 100% surcharge.

The plaintiff in this case, Millennium Group I, LLC, owns land located in the 6400 block of Riverside Drive in Metairie, Jefferson Parish, Louisiana.  The plaintiff was first cited for Code violations in September 2006, when an inspection revealed weeds over twelve-inches high on the plaintiff's property.  In October 2006, the Parish sent the plaintiff a Notice of Violation by certified mail to both the plaintiff's business address and its counsel and agent for service of process.  The Notice of Violation

1

included the following information:  that the plaintiff was in violation of the Code by having vegetation over twelve-inches high on its property; instructions on how to bring the property into compliance; notice that the Parish would charge the cost of removal plus a 100% surcharge if the plaintiff failed to timely bring the property into compliance; and notice that if the plaintiff failed to pay the bill within thirty days, a lien would be recorded on the property.  The Code also provided a hearing process and notice.

After more inspections revealed the plaintiff's failure to bring the property into compliance, the defendant sent a contractor to cut the grass and remove debris from the plaintiff's property. Notably, the contractor documented his work through various photographs.  Then, in accordance with the Parish's notice, the defendant sent the plaintiff an invoice for the cost of the contractor's services plus a 100% surcharge.  After the plaintiff failed to timely pay the invoice, the defendant recorded a lien against the property.

In April 2007, the plaintiff received another citation for overgrown vegetation.  The Parish sent another Notice of Violation by certified mail, which further explained that the Code authorizes the Parish to have the property cut on a monthly basis after providing one notification per calendar year.  Pursuant to that procedure, from 2007 to 2013, the plaintiff received multiple citations for overgrown vegetation.  When the plaintiff repeatedly

failed to bring the property into compliance, the Parish, as required by the Code, sent a contractor to cut the plaintiff's grass, invoiced the plaintiff the actual cost plus a 100% surcharge, and recorded liens on the property when those bills also went unpaid.

In March 2009, the plaintiff filed a lawsuit in Louisiana state court alleging federal and state law claims and requesting injunctive and declaratory relief.[1]  In March 2013, the plaintiff filed this federal suit, alleging federal and state law claims, and requesting injunctive relief and damages.  In this lawsuit, the plaintiff first alleges that Code Section 19-21(b) violates its rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution.  The plaintiff also alleges that the Parish committed trespass and conversion and violated the Louisiana Timber Piracy Statute and the Louisiana Unfair Trade Practices Act.

The defendant now moves to dismiss under Rule 12(b)(6), or, alternatively, for summary judgment under Rule 56.

I.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state

---

[1] Apparently, the plaintiff's request for injunctive relief was denied but the lawsuit otherwise remains pending.

a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations." Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to

4

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief.

5

Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,  336 F.3d 375, 379 (5th Cir. 2003). However, if the Court considers matters outside of the pleadings, it must convert a motion to dismiss into a motion for summary judgment.  Burns v. Harris Cnty. Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998).

*B.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported

6

motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

The Court first considers the claim that Code § 19-21(b) violates plaintiff's rights to substantive and procedural due process under the Fourteenth Amendment to the United States Constitution.

### A.

Section 19-21(b)(1), entitled "Abatement of weeds by parish," provides:

7

> "[I]f the violation consists of weeds, grass or other vegetation on property and is not abated within five (5) days of the date on [sic] notification (which may be via U.S. First Class Mail or posting of the property), with said notice only being required to be sent to the property owner once every calendar year, the Parish, through the Department of Inspection and Code Enforcement, is hereby authorized to cut, destroy and remove all such grass, weeds and other deleterious or unhealthy growths of vegetation on an as needed basis in accordance with this code, and the property owner, as shown on the latest property assessment rolls and/or conveyance records, shall be assessed a charge for the cutting, destruction and removal.  If the costs to the parish for the cutting, destruction and/or removal exceed the amount of one hundred dollars ($100.00), the owner of the property shall be assessed the actual cost plus a surcharge equal to one hundred (100) percent of the costs to cover inspection and administrative costs.

*B.*

The substantive component of due process protects fundamental rights that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." Palko v. Connecticut, 302 U.S. 319 (1937). "Fundamental rights protected by substantive due process are protected from certain state actions regardless of what procedures the state uses." Doe v. Moore, 410 F.3d 1337, 1342 (11th Cir. 2005)(citing Washington v. Glucksberg, 521 U.S. 702, 721 (1997)). To establish a substantive due process violation, a plaintiff must first both carefully describe that right and establish it as "deeply rooted in this Nation's history and tradition." Malagon de Fuentes v. Gonzales, 462 F.3d 498, 505 (5th Cir. 2006)(citations omitted).  If the right is so deeply rooted as to be fundamental,

more exacting scrutiny is required; if it is not, the Court applies only rational basis review.  Id.

In cases involving zoning ordinances, absent evidence of "invidious discrimination, suspect classifying criteria, or infringement of fundamental interests," the requirement of substantive due process is met "if there was any conceivable rational basis for the zoning decision."  Shelton v. City of College Station, 780 F.2d 475, 477 (5th Cir. 1986).  The plaintiff in such a case must show that the government action was "arbitrary and capricious."  Id.  In fact, in some instances, instead of this "minimum rationality" standard, the even less stringent "shocks the conscience" standard may apply to zoning decisions.  See, e.g., Conroe Creosoting Co. v. Montgomery Cnty., 249 F.3d 337, 341 (5th Cir. 2001) ("Where a state official deprives a corporation of its property in a manner that 'shocks the conscience,' substantive due process may be violated."); see also Arden H. Rathkopf et al., Rathkopf's The Law of Zoning and Planning § 3:17 (4th ed. 2013).

Here, the plaintiff claims Code § 19-21(b) violates substantive due process under the Fourteenth Amendment.  The Court disagrees.  No fundamental right has been infringed, and the ordinance is clearly supported by a rational basis.  The ordinance was enacted with the explicit purpose of "protecting the health, safety, and welfare by regulating and eliminating nuisances," and to "prevent the spread of disease; to limit and prevent the

9

harborage of insects, rodents, and other vermin; . . . [and] to limit and prevent depreciation of property values and disturbance of another's peaceful possession of his property."  The ordinance is rationally related to that legitimate goal.  Enabling the Parish to abate overgrown vegetation where a property owner refuses or regularly neglects to do so seems patently reasonable.  In fact, the Court has some difficulty agreeing that a private property owner has a constitutional right to leave its property in such an unwelcome condition as this record so vividly illustrates.

That the owner has only five days from notice to rectify the violation does not render the ordinance "arbitrary and capricious."  Shelton, 780 F.2d at 477.[2]  Neither does the fact that the Parish need only provide one Notice of Violation per year.  These provisions directly serve the defendant's legitimate interest in ensuring efficient resolutions of zoning violations and fairly balance the burdens on both the property owner and the Parish.

Neither does the 100% surcharge constitutionally taint the ordinance.  Importantly, the surcharge need only be supported by "any conceivable rational basis."  Id.  It is conceivable to this Court and rational to common sense that the Parish would want a surcharge to cover the many and varied administrative costs-- including receiving complaints, inspecting properties, mailing

---

[2]  Notably, the plaintiff in this case repeatedly received well in excess of five days to rectify its violations before the Parish sent out a contractor to clean up the property.

notices and invoices, and recording liens--that would be incurred in the process of Code enforcement. Contrary to the plaintiff's argument, it is both logical and reasonable that the amount of that surcharge be tied to the cost of abatement. Plaintiff offers nothing that would create a disputed material issue of fact under Rule 56.

Finally, the Court notes that the plaintiff also automatically intones the "shocks the conscience" standard, and not "minimum rationality," should govern its claims. See Conroe, 249 F.3d at 341. But the ordinance plainly satisfies either standard.

*C.*

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). Due process requires notice and an opportunity to be heard before an individual is finally deprived of its property. Id. at 333. However, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." Id. at 334 (internal quotation marks and citation omitted). Accordingly, to determine whether there has been a procedural due process violation, the Court considers: (1) the private interest affected by the governmental action, (2) the risk of erroneous deprivation caused by the procedures at issue; and (3) the

11

government interest, including any burden additional procedural requirements would cause. Id. at 335.

Here, even with three extensions of time from the Court, the plaintiff has wholly failed to brief the issue of procedural due process. The defendant, on the other hand, has satisfied its burden of showing no genuine issue as to any material fact regarding the claim. The defendant has presented ample evidence that the plaintiff received notice and an opportunity to be heard.[3] In some 175 pages of exhibits, the defendant has presented copies of photographs of overgrown vegetation on the plaintiff's property, various notices and invoices received by the plaintiff, and several liens recorded against the plaintiff's property. Because the plaintiff has failed to submit anything to support an erroneous deprivation, and because the Court finds a substantial government interest exists as a matter of law, the Court is persuaded that the plaintiff received sufficient process under the mandate of Mathews v. Eldridge.[4]

---

[3] Under Code Section 19-23, once the property owner receives a Notice of Violation, he has an opportunity to request a hearing to refute the violation or raise any objections. However, with respect to "repeat offenders," Section 19-21 allows abatement to be performed without a hearing. But, the Court emphasizes, Mathews v. Eldridge does not require a hearing in every circumstance, as long as the administrate process at issue does not present a risk of erroneous deprivation. 424 U.S. 319, 344-45 (1976).

[4] Plaintiff submits material that it paid, at times, to have its own contractor cut the grass. But nothing on this record counters the photographs of overgrown weeds and grass that triggered the Parish's rational and public health responsibilities

III.

The plaintiff adds several state law claims in its complaint. It is instructive to underscore that the plaintiff has failed to brief any of these claims, even after receiving specific direction from this Court that "if plaintiff contends that its federal constitutional claims should survive, it must also address defendant's challenges to its various state law claims." The Court finds that the plaintiff has been wholly indifferent to and has abandoned these claims.[5]

IV.

The plaintiff also fails to support its request for a preliminary injunction. The plaintiff requests a preliminary injunction based on its contention that its property will be seized and sold at a tax sale; however, the plaintiff presents no proof of a pending tax sale. The Court may issue a preliminary injunction where the plaintiff demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without a preliminary injunction; (3) that the threatened injury outweighs any damage an injunction might cause; and (4) that the injunction will serve the public interest. Sugar Busters, LLC v.

---

as mandated by the Code.

[5] Even if the plaintiff had not abandoned its state law claims, because the Court concludes that the plaintiff's federal claims should be dismissed, it would decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

13

Brennan, 177 F.3d 258, 265 (5th Cir. 1999).  Because the plaintiff fails to make a prima facie showing of either a substantial likelihood of success on the merits or a substantial threat of irreparable harm, and because the record before the Court establishes no genuine issue of material fact, the plaintiff's request for a preliminary injunction is DENIED and the Parish's motion for summary judgment as to all issues is GRANTED.  The action is DISMISSED with prejudice.

                         New Orleans, Louisiana, November 21, 2013

                         _____
                             MARTIN L. C. FELDMAN
                        UNITED STATES DISTRICT JUDGE